*W. E. Selecman, for appellant.*

---

## LOUISVILLE & NASHVILLE R. CO. *v.* JNO. N. BROWN'S ADM'R.

**Damages—Wilful Negligence—Carrier's Liability.**

Where a railroad company by its engineer, machinist or its agents whose duty it is to care for and supervise the machinery, knew that a boiler was unsafe for use and voluntarily failed to remedy the defect, and it exploded, injuring or killing its employe, it is wilful negligence and the company is liable for the damages sustained.

**Recovery.**

Where a railroad company is guilty of wilful negligence, an employe injured as a result thereof is entitled to damages not only to include compensation, which is the value of claimant's power to earn money, but the jury may also increase the damages by way of punishment for the wrong committed, looking to the character of the offense, the conduct of the parties and the attendant circumstances.

APPEAL FROM LOGAN CIRCUIT COURT.

December 1, 1875.

OPINION BY JUDGE PRYOR:

In the trial of this case the fact seems to have been overlooked that it was a proceeding under the statute for the recovery of punitive damages on account of the death of appellee's intestate, caused by the wilful neglect of the appellant or those in its employment. This cause of action was unknown at the common law, and is created alone by statute that authorizes a recovery on damages, including not only compensation, but also punishment for the wrong committed. The right of recovery is sought, not for the reason that the party charged has failed to exercise ordinary care, but has failed to take even the slightest care and precaution for the safety of those in its employment. The questions arising in this case have heretofore been considered by this court in the cases of the *Board of Internal Improvement of Shelby County v. Scearce,* 2 Duv. 576; *Louisville & Portland Canal Co. v. Murphy, Admr., et al.,* 9 Bush 522; *Louisville, Cincinnati & Lexington R. Co. v. Case's Admr.,* 9 Bush 728; *Same v. Cavens' Admr.,* 9 Bush 559.

In all these cases wilful neglect has been said to be equivalent to intentional wrong or a recklessness evidencing the absence of all care and precaution for the safety and protection of others. A railway company may be guilty of ordinary neglect, or of even a still greater degree of neglect in failing to repair machinery attached to its cars for the transportation of freight and passengers; and whilst a liability would exist because of this want of care to the party injured, the company would not necessarily be guilty of wilful neglect. In such cases a liability to passengers injured would arise not only by reason of the failure to exercise ordinary care, but for the want of that extraordinary care the carrier assumes to exercise when undertaking to transport passengers. A mere defect from which, in the judgment of those skilled in such matters, no injury would likely occur, and a failure to remedy which would incur a liability at common law, does not constitute wilful negligence. If the defect in the machinery is palpable and perilous, and this fact is known to the company or its agents, or by the exercise of proper precaution they could have ascertained the defect, and that it was such as would endanger the lives of those on its train if not remedied, then the presumption of wilful neglect might arise when an injury occurred by reason of the failure to repair or neglect of duty.

In the present case, if the boiler or machinery was defective, and the defect was of such a character as to render it unsafe for use by those engaged to run the train, and the appellant or its engineer or machinist knew this fact, or by the exercise of ordinary vigilance could have ascertained it, and voluntarily failed to remedy the defect, the company should be held liable, if by reason of the defect the injury occurred; or if the company, by its engineer, machinist or those whose duty it was to care for and supervise the machinery knew that the boiler was unsafe for use, the liability would exist. It is also the duty of the company to employ competent engineers upon its trains, but if one employed does not possess the requisite skill, the appellant cannot be said to be guilty of wilful neglect in making the employment, unless the want of skill was known by the company, or should have been known by reason of his neglect or want of skill while in its employ.

This action being for wilful neglect (and no others can be maintained under the statute, as the deceased was an employe on the train at the time of his death) is sustained by the evidence, and the appellee is entitled to recover punitive damages. Such damages not only include compensation, which is the value of the deceased's power to earn money, as in the case of *Case's Admr.,* cited above, the death being immediate; but the jury may also increase the damages by way of punishment to the party for the wrong committed; and in fixing the punishment they must look to the character of the offense, the conduct of the parties, and all the attendant circumstances connected with the commission of the wrong. We perceive no reason why the wealth of the defendant may not be shown to the jury, as well as the fact that the deceased was a man of family; still we are inclined to the opinion that undue prominence should not be given to a particular branch of the case by making it the subject of an instruction. It should go to the jury like the other evidence of facts and circumstances connected with the commission of the offense. Sedgwick on The Measure of Damages 492. The instructions given for the appellee being inconsistent with the facts here presented, the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*A. G. Rhea, Russell Houston, S. Rodes, for appellant.*
*Bate & Williams, James P. Bates, D. M. Wright, for appellee.*